UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23584-CV-MORENO
(17-20577-CR-MORENO)
MAGISTRATE JUDGE REID

CAUDREY MACK,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Movant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence, and Memorandum filed pursuant to 28 U.S.C. § 2255. [ECF Nos. 1, 3].[1] This cause has been referred to the Undersigned for Report and Recommendation on any dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Movant, **Caudrey Mack**, is a prisoner currently incarcerated at Coleman Medium Federal Correctional Institution and is serving a sentence of 120 months'

---

[1] This Report uses the citation "[ECF]" to reference docket entry numbers in this federal habeas case. Citations to "[CR-ECF]" refer to docket entry numbers in the underlying criminal case.

imprisonment following his guilty plea to one count of Hobbs Act robbery and one count of Brandishing a Firearm in Furtherance of a Crime of Violence in **Case No. 17-20577-CR-MORENO**, in the United States District Court for the Southern District of Florida.

Movant filed the instant Motion to Vacate, challenging the constitutionality of his conviction and claiming that his conviction for Brandishing a Firearm in Furtherance of a Crime of Violence should be invalidated because Hobbs Act Conspiracy no longer qualifies as a crime of violence and may no longer serve as the predicate for that offense in light of *United States v. Davis*, — U.S. — , 139 S. Ct. 2319, 2336 (2019). [ECF No. 3 at 2].

After careful consideration of Movant's Motion and Memorandum [ECF Nos. 1, 3], the Government's Response to the Court's Order to Show Cause [ECF No. 6], and Movant's Reply [ECF No. 8], as further discussed below, the Undersigned **RECOMMENDS** that the Motion to Vacate [ECF No. 1] be **DENIED**.

## II. Pertinent Factual and Procedural Background

On August 15, 2017, a grand jury charged Movant with (Count 1) substantive Hobbs Act robbery under 18 U.S.C. § 1951(a) and (Count 2) brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(iii). [CR-ECF No. 1].

On October 23, 2017, Movant pleaded guilty to Counts 1 and 2 of the indictment [CR-ECF Nos. 17, 18, 19], and that same day, the district court sentenced Movant to 36 months' imprisonment as to Count 1, and 84 months' as to Count 2, consecutive to Count 1, for a total sentence of 120 months. [CR-ECF No. 21]. On October 27, 2017, judgment was entered. *See United States v. Caudrey Mack*, No. 17-20577-CR-MORENO, Judgment [CR-ECF No. 21] (S.D. Fla. Oct. 27, 2012). Movant did not file an appeal with the Eleventh Circuit Court of Appeals.

On August 15, 2019, Movant filed the instant Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 1] and Memorandum [ECF No. 3]. In Movant's Memorandum, in summary, he contends that his § 924(c) conviction was the result of an unconstitutionally vague statute in light of *United States v. Davis*, — U.S. —, 139 S. Ct. 2319, 2336 (2019). [ECF No. 3 at 2].

Movant also contends that (1) he is "actually, factually, [and] legally innocent" of his § 924(c) conviction; (2) that his "plea is unconstitutional and unknowingly" in light of *Davis*; and (3) that he "is serving an unconstitutional sentence in violation of his 5th, 6th, and 8th Amendment rights to the US Constitution in light of *Davis*." [*Id.*] In Movant's Reply, he also contends that "Hobbs Act Robbery, in violation of Title 18 U.S.C. § 1951(a) is not a 'crime of violence[,]' in light [of *Sessions v. Dimaya,* — U.S. —, 138 S.Ct. 1204, 1207 (2018)] and now *Davis*." [ECF No. 8 at 2].

3

### III. Standard of Review

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution...may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a).

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (citations and internal quotations omitted). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or

resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## IV. Discussion

Movant argues, in summary, that his § 924(c) conviction was the result of an unconstitutionally vague statute in light of *United Davis* [ECF No. 3 at 2], and that his Hobbs Act Robbery conviction, in violation of 18 U.S.C. § 1951(a), is not a crime of violence. [ECF No. 8 at 2].

As an introductory matter, 18 U.S.C. § 924(c) provides for separate additional consequences if a person uses or carries a firearm during and in relation to a crime of violence or possesses a firearm in furtherance of such crimes. *See* 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" is later defined in two subparts, § 924(c)(3)(A), colloquially known as the "elements clause," and § 924(c)(3)(B), the "residual clause."

On June 24, 2019, the Supreme Court of the United States in *Davis* held that the residual clause, § 924(c)(3)(B), was unconstitutionally vague. *See Davis*, 139 S. Ct. at 2336. However, *Davis* left intact the § 924(c)(3)(A) "elements clause." *See id.*

Here, Movant pleaded guilty to Hobbs Act robbery and Brandishing a Firearm in Furtherance of a Crime of Violence. [CR-ECF No. 19]. "Hobbs Act robbery … qualifies as a crime of violence under [the elements clause,] § 924(c)(3)(A)." *United*

5

*States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019).

Moreover, when pleading guilty to Count 2, the § 924(c)(1)(A)(ii) "brandishing" violation, Movant admitted in his Factual Proffer that he "pointed a firearm, pointed it at the cashier and demanded money from the cash register." [CR-ECF No. 18 at 1]. "[T]he term 'brandish' means, with respect to a firearm, to display all or part of the firearm, … in order to intimidate that person." 18 U.S.C. § 924(c)(4). Thus, Movant "brandished" a firearm during the Hobbs Act robbery, which qualifies categorically as a crime of violence. *See St. Hubert*, 903 F.3d at 351; *see also In re St. Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016)

*Davis* does not apply to Movant's conviction because Movant pleaded guilty to Hobbs Act robbery, which qualifies as a crime of violence pursuant to the elements clause, 18 U.S.C. § 924(c)(3)(A), as opposed to the now unconstitutionally vague residual clause, § 924(c)(3)(B). *See id*; *see also In re St. Fleur*, 824 F.3d at 1341 ("using, carrying, and discharging a firearm during the Hobbs Act robbery … meets the use-of-force clause of the definition of a crime of violence under § 924(c)(3)(A)").

Lastly, the Government argues that Movant is procedurally barred from raising his *Davis* claim in a § 2255 motion and, in the alternative, that Movant's

6

claim fails on the merits.[2] [ECF No. 8]. Here, the Court need not decide whether any procedural bars apply because *Davis* simply does not apply to Movant's case.

As such, because *Davis* has no applicability to Movant's case, the Motion should be denied on the merits.[3] *See, e.g.*, *Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (affirming a district court's denial of a § 2255 motion even though the motion was untimely); *Goodloe v. United States*, 448 F. App'x 980, 981 (11th Cir. 2011) (affirming a district court's merits denial of a § 2255 motion even though the claim was also procedurally barred).

## V. Evidentiary Hearing

Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015).

However, district courts "need not hold a hearing if the allegations are 'patently frivolous,' based upon 'unsupported generalizations,' or 'affirmatively

---

[2] The Government omitted any reference to the timeliness of the instant Motion. [ECF 8].

[3] At any rate, because Movant's claim fails on the merits, he would be unable to overcome any applicable procedural bars. First, actual prejudice under the cause-and-prejudice standard could not be shown if *Davis* has no applicability to Movant's case. *See Lynn*, 365 F.3d at 1234; *Bousley v. United States*, 523 U.S. 614, 622 (1998). Second, the actual innocence exception would not permit Movant to overcome any applicable procedural bar because his filings do not rely on any factual evidence of innocence. Instead, he asserts that *Davis* proves his innocence. [ECF 3, p. 2]. Of course, because *Davis* does not apply to Movant's case, the issuance of *Davis* would not support his contention that he is actually innocent.

contradicted by the record.'" *Diveroli*, 803 F.3d at 1263 (relying upon *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)); *see also Cf. Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing in a § 2254 context).

Here, Movant cannot show an evidentiary hearing would prove he is entitled to relief. The record and his allegations are sufficient. Thus, an evidentiary hearing should be denied.

## VI. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus [or motion to vacate] has no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). To merit a certificate of appealability, prisoners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001).

In this case, there is no basis to issue a certificate of appealability. If Movant disagrees, he should present his argument to the attention of the District Court Judge in objections.

## VII. Conclusion

Based on the above, it is **RECOMMENDED** that Movant's Motion to Vacate [ECF No. 1] be **DENIED**, that no certificate of appealability be issued, and the case **CLOSED**.

Objections to this Report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 23rd day of March, 2020.

UNITED STATES MAGISTRATE JUDGE

cc: **Caudrey Mack**
16476-104
Coleman Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521
PRO SE


United States of America
represented by Noticing 2255 U.S. Attorney
**Lindsey Lazopoulos Friedman**
United States Attorney's Office
99 NE 4th
Miami, FL 33132
Email: lindsey.friedman@usdoj.gov